1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

                          ----oo0oo----

11

12   GLENN-COLUSA IRRIGATION          CIV. NO. 2:17-0120 WBS GGH
     DISTRICT,
13                                    MEMORANDUM AND ORDER RE: MOTION
              Plaintiff,              FOR PARTIAL DISMISSAL

14
         v.
15
     UNITED STATES ARMY CORPS OF
16   ENGINEERS; ASSISTANT
     SECRETARY OF THE ARMY FOR
17   CIVIL WORKS JO-ELLEN DARCY,
     in her official capacity;
18   LIEUTENANT GENERAL TODD
     SEMONITE, in his official
19   capacity; and COLONEL DAVID
     RAY, in his official
20   capacity;

21            Defendants.

22

                          ----oo0oo----

23

24            Plaintiff Glenn-Colusa Irrigation District brought this

25   action against defendants the United States Army Corps of

26   Engineers ("USACE"), Assistant Secretary of the Army for Civil

27   Works Jo-Ellen Darcy, Lieutenant General Todd Semonite, and

28

                                  1

Colonel David Ray, alleging that the USACE[1] breached a construction contract it and the USACE had entered into by failing to construct an irrigation facility according to the contract's specifications. (Compl. (Docket No. 1).) Before the court is defendants' Motion to dismiss three of the five claims alleged in this action as untimely under the limitations period set forth in 28 U.S.C. § 2401(a). (Defs.' Mot. (Docket No. 13).)

I.   Factual and Procedural Background

Plaintiff is a state government entity that oversees farming irrigation in Glenn and Colusa counties in California. (See Compl. ¶ 14.) The USACE is a subdivision of the United States Army that builds and maintains infrastructure in the United States. (See id. ¶ 17; US Army Corps of Engineers, http://www.usace.army.mil/About (last visited June 19, 2017).) The individual defendants are Army personnel who are involved in overseeing USACE operations. (See Compl. ¶¶ 18-20.)

In 1999, plaintiff and the USACE entered into a Project Cooperation Agreement ("PCA") whereby the two parties agreed to co-fund the construction of an irrigation gradient facility ("gradient facility") designed to improve the performance of a fish screen plaintiff had implemented at its irrigation pump plant. (See id. ¶¶ 39, 50.) The PCA provides that the USACE would be responsible for constructing the gradient facility and, upon completion of the facility, issue a written notice of construction completion to plaintiff, at which time plaintiff

---

[1]   Plaintiff alleges that the individual defendants in this action are "responsib[le], in whole or in part, for the [USACE's] acts" with respect to this action. (Compl. ¶¶ 18-20 (Docket No. 1).)

would become responsible for "maintain[ing], repair[ing], replac[ing], and rehabilitat[ing]" the facility. (Id. ¶ 55; id. Ex. A, Project Cooperation Agreement ("PCA") at 5.)

Plaintiff alleges that the USACE "began construction of the Gradient Facility in May 2000 and completed construction in November 2000." (Compl. ¶ 68.)

"Almost immediately after construction was completed," plaintiff alleges, "significant defects associated with the Gradient Facility were observed." (Id. ¶ 69.) Such defects allegedly resulted from the USACE's failure to build certain parts of the gradient facility according to the PCA's specifications. (See id. ¶¶ 127, 129, 133.) Plaintiff reported the defects to the USACE in December 2000. (Id. ¶ 71.)

From 2001 to 2003, the USACE took "limited action[s]" to remedy the gradient facility's defects. (See id. ¶¶ 72-78.) From 2004 to 2007, no work was done on the defects. (See id. ¶¶ 78, 83, 89-90.)

"[I]n August 2008, the USACE convened a team of experts to review the Gradient Facility." (Id. ¶¶ 93-94.) The experts allegedly "identified significant areas of concern[]" with the facility stemming from the defects plaintiff had complained about beginning in December 2000. (See id. ¶¶ 71, 96.) Over the next four and a half years, plaintiff and the USACE engaged in a number of unsuccessful efforts to "develop solutions to the Gradient Facility's myriad of issues." (See id. ¶¶ 97-104.)

In March 2013, the USACE issued notice of construction completion for the gradient facility to plaintiff, notifying plaintiff that it considered the facility complete for purposes

of the PCA and plaintiff would be responsible for maintaining, repairing, replacing, and rehabilitating the facility going forward.  (See id. ¶ 105-106.)

Plaintiff thereafter brought an action against the United States in the Court of Federal Claims, alleging that the United States breached the PCA by failing to construct the gradient facility according to the PCA's specifications.  See Glenn-Colusa Irrigation Dist. v. United States, 129 Fed. Cl. 593, 595 (2016).  The Court of Federal Claims dismissed that action for lack of jurisdiction.  Id. at 599.

In January 2017, plaintiff filed this action.[2] (Compl.)  Citing the same allegations it cited in its Court of Federal Claims action, plaintiff brings causes of action against defendants for: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of implied warranty, (4) declaratory judgment, and (5) violation of the Administrative Procedure Act.  (Id. at 20-26.)  Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of implied warranty claims as untimely under the limitations period set forth in 28 U.S.C. § 2401(a).  (Defs.' Mot.)

///

---

[2]    The PCA was entered into pursuant to the Flood Control Act, 42 U.S.C. § 1962d-5b.  (See Compl. ¶ 7; Defs.' Mot., Mem. at 6 (Docket No. 13-1).)  This court thus has jurisdiction over this action under 42 U.S.C. § 1962d-5b(c).  See 42 U.S.C. § 1962d-5b(c) ("Every agreement entered into pursuant to this section shall be enforceable in the appropriate district court of the United States.").

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 67. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations . . . ." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010).

III. Discussion

28 U.S.C. § 2401(a) sets forth a six-year limitations period for "every civil action commenced against the United States." "Under federal law[,] a cause of action accrues when the plaintiff is aware of the wrong and can successfully bring a cause of action." Shiny Rock Min. Corp. v. United States, 906 F.2d 1362, 1364 (9th Cir. 1990) (quoting Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1396 (9th Cir. 1986)); see also Padres Hacia Una Vida Mejor v. Jackson, No. 1:11-CV-1094 AWI DLB, 2012 WL 1158753, at *5 (E.D. Cal. Apr. 6, 2012) (same). As federal law governs the three claims defendants are moving to dismiss, see Boyle v. United Techs. Corp., 487 U.S. 500, 504 (1988) ("We have held that [the] obligations to and rights of the United States under its contracts are governed exclusively by federal law."), and the parties appear to agree that plaintiff's

implied covenant of good faith and fair dealing and implied

warranty claims accrued at the same time plaintiff's breach of

contract claim accrued,[3] the dispositive question with respect to

the present Motion is whether plaintiff became aware of and could

have brought its breach of contract claim prior to January 2011.

Plaintiff contends that it could not have brought its

breach of contract claim prior to January 2011 because the USACE

did not breach the PCA's construction specifications until it

issued notice of construction completion for the gradient

facility in March 2013.  (See Pl.'s Opp'n at 9 (Docket No. 17).)

Defendants contend that plaintiff could have brought its breach

of contract claim as early as November 2000, when, according to

plaintiff's own allegation, "construction [on the gradient

facility] was completed [and] significant defects associated with

the . . . Facility were observed," and no later than 2004, when

the USACE represented to plaintiff that "it did not have

sufficient funds" to "continue [remedial] work" on the facility

and plaintiff "would have to pay for a portion of the costs" of

such work.  (Defs.' Mot., Mem. at 7-8 (citing Compl. ¶¶ 68-69,

77) (Docket No. 13-1).)

Relevant to the court's analysis of when plaintiff

could have brought its breach of contract claim is what

constitutes a breach of contract under federal law.  "Federal

contract law is determined by reference to traditional common law

principles."  Minidoka Irr. Dist. v. Dep't of Interior of U.S.,

_____

        [3]     The parties discuss the three claims collectively and
argue only the accrual date of plaintiff's breach of contract
claim in their briefs.  (See Defs.' Mot., Mem. at 7-9; Pl.'s
Opp'n at 8-12 (Docket No. 17).)

6

154 F.3d 924, 926 (9th Cir. 1998).  One source of "traditional common law principles" is "the content of the forum state's law." Seagate Tech. LLC v. Dalian China Express Int'l Corp., 169 F. Supp. 2d 1146, 1154 (N.D. Cal. 2001) (citing 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 4518).  "California law recognizes that a contract may be breached by nonperformance, by repudiation, or a combination of the two."  Cent. Valley Gen. Hosp. v. Smith, 162 Cal. App. 4th 501, 514 (5th Dist. 2008) (citing 1 Witkin, Summary 10th Contracts § 849).  Nonperformance is "an unjustified failure to perform a material contractual obligation when performance is due."  Id. (citing Restatement (Second) of Contracts § 251). Repudiation is "a clear, positive, and unequivocal refusal to perform" a contractual obligation or "conduct . . . so as to make substantial performance [of the obligation] . . . impossible." Taylor v. Johnston, 15 Cal. 3d 130, 137 (1975).

The facts alleged in plaintiff's Complaint do not indicate that the USACE failed to perform or repudiated its alleged obligation to construct the gradient facility according to the PCA's specifications prior to January 2011.

As to performance, the PCA does not provide a timetable for completing the gradient facility, instead providing that when the USACE "determines that the entire [facility] is complete . . . [it] shall so notify [plaintiff] in writing."  (PCA at 5.)  The USACE did not issue notice of construction completion for the gradient facility until March 2013, (Compl. ¶ 105), indicating that the time for performing on the PCA's construction specifications did not expire until March 2013.  It cannot be

said that the USACE failed perform on the PCA's construction specifications prior to June 2011 when, under the terms of the PCA, the time for such performance did not expire until March 2013.[4]

As to repudiation, the only allegation the court is aware of that could conceivably be construed as "a clear, positive, and unequivocal refusal" by the USACE to perform on the PCA's construction specifications prior to January 2011, is the allegation that in 2004, the USACE represented to plaintiff that "it did not have sufficient funds" to "continue [remedial] work" on the gradient facility and plaintiff "would have to pay for a portion of the costs" of such work. (Defs.' Reply at 5-6 (citing Compl. ¶ 77) (Docket No. 18).)

It is not clear, from the face of this allegation, that the USACE's representations to plaintiff in 2004 constituted a refusal on the USACE's part to perform further remedial work on the gradient facility absent unwarranted financial contributions from plaintiff. Other allegations stated in plaintiff's Complaint, however, indicate that the representations were not a refusal to perform further work in the absence of financial contributions. Four years after the representations were made, the USACE allegedly "convened a team of experts to review the Gradient Facility" and thereafter "accepted responsibility for correcting the [facility's] deficiencies" and "develop[ed] an

---

[4] The court acknowledges that it is somewhat confusing that plaintiff states the gradient facility was "completed . . . in November 2000." (Compl. ¶ 68.) Plaintiff explained at oral argument that that by "completed," it merely meant that initial construction efforts on the gradient facility were finished, not that the USACE had completed performance on the PCA.

action plan to address the [facility's] outstanding issues/deficiencies." (Compl. ¶¶ 93, 98.) There are no indications that the USACE's rekindled willingness to perform remedial work on the gradient facility was due to financial contributions from plaintiff. The USACE's post-2008 activities are thus inconsistent with, and undermine, the theory that the USACE's representations to plaintiff in 2004 were "a clear, positive, and unequivocal refusal" to perform further remedial work on the gradient facility in the absence of unwarranted financial contributions from plaintiff.

There are no allegations in plaintiff's Complaint that the USACE engaged in any "conduct . . . so as to make substantial performance" of the PCA's construction specifications "impossible" prior to January 2011.

Thus, the facts alleged in plaintiff's Complaint do not indicate that the USACE repudiated its alleged obligation to construct the gradient facility according to the PCA's specifications prior to January 2011.

Having found that the facts alleged in plaintiff's Complaint do not indicate that the USACE failed to perform or repudiated its alleged obligation to construct the gradient facility according to the PCA's specifications prior to January 2011, the court finds that such facts do not indicate that plaintiff could have brought its breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of implied warranty claims prior to January 2011.

IT IS THEREFORE ORDERED that defendants' motion for partial dismissal of plaintiff's Complaint be, and the same

hereby is, DENIED.

Dated: June 27, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE